SOLIAI of Nuuuli, Plaintiff

v.

LAGAFUA of Nuuuli, Defendant

## No. 5-1949

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Suaavamuli" in Nu'uuli]

## February 23, 1949

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge;* and APE, *District Judge.*

DECISION

Heard at Fagatogo February 18, 1949.
Soliai *pro se;* Lagafua *pro se.*

MORROW, *Chief Justice.*

Lagafua of Nuuuli filed his application to have the land Suaavamuli in Nuuuli registered as the communal family land of the Lagafua family. The application was accompanied by a survey of the tract. Soliai filed an objection to such proposed registration claiming that the land was the communal family land of the Soliai family. Hence this litigation. Sec. 905 of the A. S. Code. On the day preceding the hearing the court viewed the land in the presence of the parties.

The surveyed tract is now being used as a stone quarry by the Island Government. It lies on the land side of the main highway from the Naval Station to Leone. In response to the question as to whether the Lagafua people had ever had any plantations on the land in dispute Lagafua answered "No." And again in response to the question "You or your people never did anything to take possession of the land?" he answered "No." In answer to the question

437

"You just said it (the land) was yours?" he answered "Yes, I am the pule of this ground." To the query "You never did anything more than just claim to own it?" Lagafua responded "No." Contractors began to take stone from the quarry as early as 1940 and it has been used as a source of stone for governmental purposes at various times since. However Lagafua testified that he had never asked the government for money in payment for the stone taken.

The evidence showed that that part of the land from which rock has been taken was covered by soil prior to the entry of the Contractors. Soliai testified that he and the members of his family had had plantations in that soil for many years and that he remembered that there were plantations of his family there when the government was established in 1900. He further testified that these plantations were maintained by his family from the time of the establishment of the government up until the time they were destroyed in 1940 by the Contractors.

▅▅▅▅ It is clear to us that the Lagafua people never did enough to establish a title in the surveyed land. They did not clear the land and occupy any part of it according to Lagafua's own testimony. They did no more than claim to own it. Mere claim of ownership of bush land will not establish an original title to it. Occupation coupled with a claim of ownership will establish ownership to what was bush land before such occupation. See II Blackstone 8. The view that the occupant who first takes possession of land with the intention of having it as his own thereby becomes the owner of it is approved in Maine's Ancient Law (3rd Am. Ed.) at p. 238. This doctrine of acquisition of an original title by first occupant, accompanied by claim of ownership, was approved by this court in the case of *Faataliga v. Fano*, No. 80-1948 (Am. Samoa). The Lagafua people did not acquire the original title to the land by occupation and

the testimony is barren of any evidence that they acquired a title in any other way.

We believe from the evidence that the Soliai family had plantations on this tract at least from the time the government was established up until the Contractors destroyed them in 1940 when they began to take rock from the quarry; that such occupation was accompanied by a possession which was actual, open, notorious, continuous, exclusive and under a claim of title. Under these circumstances any claim that Lagafua or anyone else may have had to the ownership of this land has long since been outlawed through the operation of the Statute of Limitations and title has become vested in the Soliai. *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607; *Vaimaona v. Mulitauaopele S.*, No. 67-1948 (Am. Samoa); *Puailoa v. Leapaga*, No. 64-1948 (Am. Samoa); 2 Corpus Juris 251. Applying the law to the evidence our conclusion is that this surveyed tract is the communal family land of the Soliai family.

Sec. 905 of the A. S. Code prescribes that "When land is offered for registration, the offer shall be accompanied by a survey of the land proposed to be registered. The point of departure in such survey shall be either (a) tied in with an established naval coordinate or (b) be a concrete monument procured from or poured in place by the Public Works Department for that purpose and set at least three feet in the ground at the corner of the land." Neither of these alternative requirements has been complied with. Until one of them has been complied with the land cannot be registered.

It is ORDERED, ADJUDGED and DECREED that the land Suaavamuli as shown in the survey accompanying the offer to register the same shall be registered as the communal family land of the Soliai family upon satisfactory evidence being filed with the court that one of the two alterna-

tives referred to in the quotation from Sec. 905 of the A. S. Code in the next preceding paragraph has been complied with. The Registrar of Titles will be advised of this decree.

Costs in the amount of $12.50 are hereby assessed against Lagafua the same to be paid within 15 days.